Case 4:16-cv-02087   Document 21   Filed in TXSD on 01/30/17   Page 1 of 12

United States District Court
Southern District of Texas

**ENTERED**
January 30, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT J. AUSTIN, JR., MICHAEL D. AUSTIN and KELLI D. AUSTIN, individuals and KELLI D. AUSTIN, TRUSTEE, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2087 |
| CHAMBERS COUNTY, TEXAS, BARBERS HILL INDEPENDENT SCHOOL DISTRICT, and CITY OF MONT BELVIEU, SABEL OF HOUSTON, LLLP (A Florida Limited Liability Partnership not qualified to do business in Texas) as successor in interest to SABEL OF HOUSTON, LTD. (A Texas Limited Partnership that merged out of existence on February 22, 2011 into SABEL of Houston, LLLP) ("SABEL"), LEWIS RESS, an individual, ESTA RESS, an individual, MICHAEL O'CONNOR, ESQ., an individual, PERDUE BRANDON FIELDER, COLLINS & MOTT, LLP, a Texas Limited Liability Partnership, YOLANDA HUMPHREY, individual, COMMERCE TITLE and its successor-in-interest PREMIER TITLE INSURANCE COMPANY and LILA LANAE THOMPSON, individual | § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Defendants' Motions to Dismiss

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 4, Ord. Dated July 21, 2016.

(Docs. 8, 10, 18). The court has considered the motions, the replies, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED.**

## I.  Case Background

Plaintiffs, Robert J. Austin, Jr., Michael D. Austin, and Kelli D. Austin, heirs to Robert J. ("Bobby Joe") and Billie S. Austin, brought this action alleging federal claims under 42 U.S.C 1983 ("Section 1983") and state law claims under the Texas Deceptive Trade Practices Act ("DTPA"), to quiet title and for wrongful foreclosure.[2] Plaintiffs ask the court for injunctive relief and a declaratory judgment declaring them owners of the property to which they claim an equitable interest.[3]

### A.  Factual Background

On May 26, 1993, Bobbie Joe Austin, Billie S. Austin, and their trust, through Kelli Austin, trustee, purchased a 4.692-acre property in Mont Belvieu, Chambers County, Texas, with a $55,000 loan from Lewis Ress.[4] The deed of trust was recorded in the Chambers County property records.[5] The property was refinanced on February 22, 2002, and Sabel of Houston, Ltd. ("Sabel") became the

---

[2]   See Doc. 1, Pls.' Compl.

[3]   See id.

[4]   See id. p. 3; Doc. 1, Ex. 1 to Pls.' Compl., May 26, 1993 Deed of Trust pp. 32-38.

[5]   See id.

new lender on the property.[6] The new deed of trust was recorded in the Chambers County property records.[7]

On May 18, 2005, Kelli Austin, acting as trustee, granted the property to Sabel via a deed in lieu of foreclosure, but, as she averred in an affidavit, Bobby Jo and Billie Austin continued to reside on the property with Sabel's consent.[8] Plaintiffs alleged that at the time of recording of the deed in lieu of foreclosure, there was 2.3247 of the original acreage which was not covered by the foreclosure, and this acreage included the three dwellings at 3418, 3410, and 3402 Bridgett Lane.[9]

Kelli Austin repaid Sabel $45,000 via cashier's check on March 9, 2006.[10] On May 3, 2006, a new loan was obtained secured solely by the 3402 Bridgett Lane parcel, and the loan proceeds were used to pay the balance owed to Sabel.[11] Defendant Commerce Title handled the closing.[12]

According to the complaint, at closing, the ownership of 3410

---

[6] See Doc. 1, Pls.' Compl.; Doc. 1, Ex. 4 to Pls.' Compl., Modification & Extension Agreement pp. 51-57.

[7] See Doc. 1, Pls.' Compl. p. 3.

[8] See Doc. 1, Pls.' Compl. p. 4; Doc. 1, Ex. 2 to Pls.' Compl., Warranty Deed in Lieu of Foreclosure pp. 42-47, Ex. 10 to Pls.' Compl., Aff. of Kelli Austin.

[9] See Doc. 1, Pls.' Compl. p. 4.

[10] See id.; Doc. 1, Ex. 3 to Pls.' Compl., Cashier's Check p. 49.

[11] See Doc. 1, Pls.' Compl. p. 4.

[12] See id.

and 3418 Bridgett Lane would transfer from Sabel to Bobby Joe Austin.[13] The ownership of 3402 Bridgett Lane also was transferred to Bobby Joe Austin; Freemont Investors, the new lender, was granted a security interest in the 3402 Bridgett Lane property.[14] However, Commerce Title failed to record the Special Warranty Deed granting title to the three properties to Bobby Joe Austin and the Chambers County property records continued to reflect that 3410 and 3418 Bridgett Lane properties were owned by Sabel.[15] The only documents recorded as a result of this transaction were the deed of trust and deed for 3402 Bridgett Lane.[16]

On November 30, 2009, Chambers County, Texas ("Chambers County"), Barbers Hill Independent School District ("Barbers Hill ISD"), and the City of Mont Belvieu ("Mont Belvieu"), represented by Defendant Yolanda Humphry ("Humphrey"), an attorney with Defendant Perdue Brandon Fielder Collins & Mott, LLP ("Perdue Brandon") filed suit against Sabel for unpaid taxes owed on 3410 Bridgett Lane.[17] Plaintiffs did not receive notice of this lawsuit.[18] Judgment was entered against Sabel on March 4, 2014, but

---

[13]   See id.

[14]   See id.

[15]   See id.

[16]   See id.

[17]   See id. p. 5.

[18]   See id. pp. 5-8.

4

days later, the taxing authorities moved to vacate the judgment on on the grounds that necessary parties were inadvertently omitted.[19] The documents attached to the complaint do not reflect that any new parties were added, or that Plaintiffs were notified of the tax suit at that time.  The taxing authorities and Sabel entered into an agreed in rem judgment on August 4, 2015.[20]

Kelli and Michael Austin allege that they first learned about the impending foreclosure of 3410 Bridgett Lane property in October 2015, when Defendant Humphrey and another attorney came to their residence at 3418 Bridgett Lane and asked if they knew who owned the 3410 Bridgett Lane property.[21]  Kelli Austin informed Humphrey that Sabel was not the owner of the property and instructed Humphrey to contact Defendant Michael O'Connor, an attorney for Commerce Title, to verify that Sabel had not owned the property since May 2006.[22]

On November 2, 2015, Kelli Austin filed a motion to vacate the tax judgment to prevent the foreclosure sale.[23]  The court struck the document because she was acting pro se and instructed her to

---

[19]   See id. p. 5; Doc. 1, Ex. 6 to Pls.' Compl., Pet. to Vacate J. pp. 64-66.

[20]   See Doc. 1, Pls.' Compl. p. 5; Doc. 1, Ex. 9 to Pls.' Compl, Agreed J. pp. 73-76.

[21]   See Doc. 1, Pls.' Compl. p. 6.

[22]   See id.

[23]   See id.

hire an attorney.[24] On November 3, 2015, Humphrey moved to vacate the agreed judgment, which was granted by the court.[25] Humphrey later amended the petition and obtained a default judgment on December 21, 2015.[26] The foreclosure sale was scheduled for March 1, 2016.[27] On January 13, 2016, Kelli Austin filed a claim with Commerce Title's successor, Premier Title, in an attempt to correct the property records.[28] Plaintiffs became aware of the pending foreclosure sale on February 28, 2016, when a potential buyer came to view 3410 Bridgett Lane.[29]

Kelli Austin spoke with Humphrey in an attempt to prevent the impending foreclosure sale, but Humphrey continued to maintain that Sabel was the owner of the property.[30] Michael Austin filed a motion to vacate the judgment the day before the sale; Kelli Austin filed a lis pendens on the property on the day of the sale.[31] The property was sold to Defendant Lanae Thompson at the foreclosure sale.[32]

---

[24]   See id.

[25]   See id.

[26]   See id.

[27]   See id. p. 7.

[28]   See id.

[29]   See id.

[30]   See id.

[31]   See id. pp. 7-8.

[32]   See id. p. 8.

**B. Procedural Background**

Plaintiffs filed the present lawsuit on July 13, 2016.[33] Defendants filed motions to dismiss on August 4, 2016, and August 8, 2016.[34] The court held a hearing on October 14, 2016, where it gave Plaintiffs until November 18, 2016, to obtain counsel.[35] The court also advised Kelli Austin that, as a non-lawyer, she could not represent the trust in court.[36] Plaintiffs have not obtained counsel. The court now considers Defendants' motions to dismiss along with the responses and replies.

## II. Legal Standard

The court must decide a Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion before addressing any attack on the merits. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. Kokkonen v. Guardian

---

[33] See Doc. 1, Pls.' Compl.

[34] See Doc. 8, Defs.' Barbers Hill ISD, Chambers County, Mont Belvieu, Humphrey, Perdue Brandon Mot. to Dismiss For Failure to State a Claim & Lack of Subject Matter Jurisdiction, or, in the Alternative, Mot. to Remand; Doc. 10, Defs.' Michael O'Connor, Esta Ress, Lewis Ress, and Sabel of Houston LLLP's Mot. to Dismiss for Failure to State a Claim.

[35] See Doc. 17, Minute Entry Ord. Dated Oct. 14, 2016.

[36] Audio of Hr'g Dated Oct. 14, 2016.

Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000).

### III. Analysis

**A. Federal Claims**

Plaintiffs' complaint pleads claims under Section 1983 for deprivation of property without due process of law. Plaintiffs' claims are based on the failure to serve process on them in the tax foreclosure lawsuit which resulted in the sale of their property without due process of law.

A plaintiff can establish a prima facie case under Section 1983[37] by alleging 1) a violation of a federal constitutional or

---

[37] The provision reads, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983.

statutory right; and 2) that the violation was committed by an individual acting under the color of state law.  Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). Although the court has subject matter jurisdiction to hear claims arising under Section 1983, federal courts are "duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal." Lane v. Haliburton, 529 F.3d 548, 565 (5th Cir. 2008)(quoting Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).[38]

The Rooker-Feldman doctrine holds that an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment.  See Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  The Rooker-Feldman doctrine establishes that a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment such that the court is "in essence being called upon to review a state-court decision." Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995).  The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers

---

[38] The court presumes that because color of state law is a necessary element of a Section 1983 claim, that Plaintiffs intended to sue only the taxing authorities of Mont Belvieu, Chambers County, and Barbers Hill ISD under Section 1983  However, even if Plaintiffs intended to sue the private actors as well, the result is the same.

complaining of injuries caused by state-court judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

For example, in Liedtke, Liedtke filed suit against the State Bar of Texas for allegedly violating his civil rights through disciplinary proceedings brought against him in state court. Liedtke, 18 F.3d at 316-17. The Fifth Circuit held that the federal court did not have subject matter jurisdiction, stating that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts." Id. at 317. The casting of a "complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'" Id. (alterations in original) (quoting Kimball v. The Florida Bar, 632 F.2d 1283, 1284 (5th Cir. 1980)).

Here, Plaintiffs' complaint, in essence, asks this court to reexamine the merits of the state court suit and decide whether the taxing authorities and the state court violated their due process rights in the course of the foreclosure sale of their property. This is "inextricably intertwined" with the state court's judgment. The Rooker-Feldman doctrine therefore divests this court of subject-matter jurisdiction to hear Plaintiffs' Section 1983 claims.

**B.    State Law Claims**

If a court has original jurisdiction over at least one claim in a case, it may assert jurisdiction over other claims to which it would lack original jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). However, under 28 U.S.C. § 1367(c)(3), if the district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over the remaining claims. In the Fifth Circuit, "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." Brookshire Bros. Holding, Inc. v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009); see also Gibbs, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

In this case, the court had original jurisdiction over Plaintiffs' Section 1983 claims because they raised a federal question. However, because these claims have been dismissed under the Rooker-Feldman doctrine, the only claims that remain are Plaintiffs' state law claims. This case is in its infancy and no discovery has taken place. Applying 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over the remaining state law claims.

**IV. Conclusion**

Based on the foregoing, the court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 30th day of January, 2017.

_____
U.S. MAGISTRATE JUDGE